(36 App. Div. 240.)

REMSEN v. BRYANT et al.

(Supreme Court, Appellate Division, Second Department. January 3, 1899.)

1. LIBEL—DAMAGES—INADEQUACY.

    In an action for publishing that plaintiff, a revivalist lay preacher, conducted a meeting in such an unseemly and boisterous manner that the audience pelted him with eggs, where there is evidence that the meeting was so conducted, and that plaintiff's general reputation is bad, though there is no evidence that he was assailed as stated, the court should not interfere with a verdict for six cents solely because of inadequacy.

2. SAME—REFLECTIONS ON CHARACTER.
Whether a publication that plaintiff, a revivalist preacher, has made his name notorious and hated, and that his conduct becomes more and more reprehensible, reflects on plaintiff's private moral character, is a question for the jury.

3. SAME—CHARACTER—EVIDENCE.
In an action for libel, under an issue as to plaintiff's general character, evidence is inadmissible as to his unpopularity in the community.

4. SAME—REPUTATION.
A charge that plaintiff has made his name notorious and hated is not sustained by evidence of his unpopularity, as the charge imports that he has so conducted himself as to produce notoriety and hatred..

Appeal from trial term, Queens county.

Action for libel by Isaac B. Remsen against William C. Bryant and others. From an order setting aside a verdict for plaintiff for six cents, and granting a new trial (52 N. Y. Supp. 515), defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

James W. Covert, for appellants.
A. F. Van Thun, Jr., for respondent.

PER CURIAM. This action is for damages for the publication of an alleged libel in the Brooklyn Daily Times. Two articles in that paper are the subject of the action, and the entire articles are set forth in the complaint. Some parts of these articles are not libelous in any sense; but, substantially, they purport to detail a meeting held by the plaintiff, a revivalist lay preacher, at which he carried on services in such an unseemly and boisterous manner that the young men and boys pelted him with eggs and lemons. Interspersed in this narrative are references to the plaintiff's former behavior in a neighboring village. The plaintiff recovered a verdict of six cents. The learned trial judge set this verdict aside, mainly on the ground that the damages were inadequate, but not solely for that reason, because he was also of the opinion that he had committed errors on the trial in the reception of evidence.

While there was no evidence to prove that the plaintiff was assailed with the missiles mentioned in the libel, still there was testimony going to show the boisterous and unseemly manner in which he conducted his meetings. There was also evidence to the effect that his general reputation was bad. Considering this evidence, and the general character of the libel, we think that the court would not have been justified in interfering with the verdict of the jury, unless error had been committed upon the trial. At the request of the defendants the trial court charged that there was nothing in the article reflecting on the private moral character of the plaintiff, to which charge the plaintiff excepted. We think the charge cannot be sustained. Allegations that the plaintiff "made his name notorious and hated," and that his "language and actions became more and more reprehensible," cannot be said, as a matter of law, to in no manner reflect on the plaintiff's moral character. Incompetent evidence was also admitted. The defendants were allowed to prove,

against the plaintiff's objection and exception, that the plaintiff was not popular in the community in which he "had made his name notorious and hated." The general character of the plaintiff was in issue, and the defendants had the right to prove that character bad; but the plaintiff's popularity or unpopularity in the community was not material, nor was it a justification of the charge in the libel that he "had made his name notorious and hated." The real libel in such a charge is that it imports the plaintiff had so misconducted himself as to become notorious and hated, and the charge could only be justified by proof of such conduct.

The order appealed from should be affirmed, with costs to abide the event of the action.

Order granting new trial affirmed, with costs to the respondent to abide the event of the action.